FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS ARMANDO MERLOS-ORTIZ,<br><br>　　　　　　　　　Defendant. | No.　4:22-CR-6018-RLP<br><br>ORDER CONTINUING TRIAL AND CASE MANAGEMENT ORDER |

　　　This matter was scheduled for a change of plea and sentencing hearing on June 4, 2025. Due to the unexpected unavailability of defense counsel, the hearing was canceled. *See* ECF No. 115. The Court finds the trial currently scheduled for June 9, 2025 should be rescheduled. The Court, having considered the schedule, finds that the ends of justice are served by a continuance in this matter and further that the ends of justice served by a continuance outweigh the best interests of the public and Defendant in a speedy trial based on the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

//

ORDER CONTINUING TRIAL AND CASE MANAGEMENT ORDER - 1

Accordingly, **IT IS HEREBY ORDERED**.

1. The current trial date of June 9, 2025 is **STRICKEN** and **RESET** for **July 14, 2025**, at **9:00 a.m.**, commencing with a final pretrial conference at **8:30 a.m.** Trial shall take place in Richland, Washington.

2. Pursuant to 18 U.S.C. § 3161(h)(1)(G) and (h)(7)(A), the time between June 9, 2025 and July 14, 2025 is DECLARED EXCLUDABLE for purposes of computing time under the Speedy Trial Act.

3. The change of plea and sentencing hearing is RESET to **June 25, 2025** at **3:00 p.m.** in Richland, Washington.

4. A pretrial conference is also **set** for **June 25, 2025, at 3:00 p.m.** in Richland, Washington, in the event the matter does not proceed with a change of plea. Counsel shall advise the Court regarding any dispositive change in the status of this case **at least five (5) working days prior to the pretrial conference**.

5. Defense counsel shall notify the defendant of all hearings and assure the defendant's attendance for court proceedings.

6. All pretrial motions, including motions *in limine* and *Daubert* motions, shall be filed and served on or before **June 11, 2025** and noted for hearing at the pretrial conference. Any response to a pretrial motion shall be filed and served in accordance with Local Civil Rule 7.

//

ORDER CONTINUING TRIAL AND CASE MANAGEMENT ORDER - 2

7.    All pretrial conferences are scheduled to last not more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and respond to motions filed by opposing counsel. If any party anticipates requiring longer than fifteen minutes, that party must notify the Courtroom Deputy at least **five (5) working days** prior to the hearing. **Any party who fails to provide this notice will be limited to fifteen (15) minutes**.

8.    If a party files any motion that requires an evidentiary hearing and/or requires the Court to act as a finder of fact, that party must notify the Courtroom Deputy at **least fourteen (14) days** prior to the hearing. The parties will coordinate with the Courtroom Deputy to schedule an evidentiary hearing that provides enough time for the parties to present evidence, including witness testimony and exhibits. If the parties anticipate offering witness testimony, the parties shall file with the Court a witness list, together with a brief summary of the proposed testimony, at least **five (5) working days** before the hearing. If the parties anticipate offering or referring to exhibits during the hearing, the parties shall file with the Court a binder of the proposed exhibits, pre-marked for identification, at least **five (5) working days** prior to the hearing. The Government's exhibits shall be numbered 1 to 199; Defendant's exhibits shall be numbered 200 to 299. The parties are encouraged to file their exhibits jointly, so that the Court may quickly refer to all exhibits in one place.

//

ORDER CONTINUING TRIAL AND CASE MANAGEMENT ORDER - 3

9. Any supplemental jury questionnaire must be approved by the Court not less than three weeks before the trial date. Accordingly, should the parties propose an agreed supplemental questionnaire, it is due no later than one month before the trial date. Should one or more of the parties desire a supplemental questionnaire, but no agreement can be reached, that party shall file a motion for supplemental questionnaire, set for hearing without oral argument no later than one month before trial date. Counsel should note that a motion must be filed sufficiently in advance of the hearing date to allow for briefing and consideration by the Court.

10. Further motions to continue this matter will not be granted absent exceptional circumstances that could not have been anticipated prior to issuance of this order. Should counsel seek an additional continuance, a motion shall be filed at the earliest practicable opportunity, but no later than **five (5) working days prior to said proceeding**. Movant **shall** provide (1) a detailed explanation of the new circumstances that justify the requested continuance; (2) a realistic assessment of the amount of time requested; (3) if applicable, Defendant's signed Speedy Trial waiver; (4) the position of all co-defendants and opposing counsel; and (5) the proposed new date. The Court will accept Defendant's digital signature on a speedy trial waiver if accompanied by counsel's verification of the authenticity of the signature. Additionally, any motions filed after the pretrial motion deadline will be considered at the pretrial conference.

//

11.    A defendant on pretrial release should expect to be placed into custody immediately after conviction or change of plea if the provisions of 18 U.S.C. § 3143(a)(2) apply.

12.    Trial briefs, proposed voir dire, jury instructions, verdict forms, exhibit lists, expert witness lists, and summaries of expert testimony shall be filed and served by all parties on or before **five (5) working days prior to trial**. This does not modify the parties' discovery obligations under Rule 16 of FRCrP. Absent an agreement between the parties or an Order from the Court, the parties' discovery deadlines shall be governed by Local Criminal Rule 16.

13.    Under federal law, including FRCrP Rule 5(f), *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the Government has a continuing obligation to produce all information or evidence known to the Government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court **orders** the Government to produce to the defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other Government

evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the Government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the Government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the Government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Order enlarges or diminishes the Government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 582 U.S. 313, 315-16, 137 S. Ct. 1885 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75, 132 S.Ct. 627 (2012)).

//

//

ORDER CONTINUING TRIAL AND CASE MANAGEMENT ORDER - 6

14. The Court utilizes the Jury Evidence Recording System (JERS) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial. Please note that the jury will receive a verbatim copy of the JERS exhibit list. The Court directs the parties to review and follow the instructions on the public website for specific instructions.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel, the United States Probation Office, and the United States Marshal's Office.

**DATED** June 5, 2025.

REBECCA L. PENNELL
United States District Judge